[No. 1756.]

PETERSON ET AL. v. DURKEE ET AL.

1. WATER RIGHTS—ADJUDICATING PRIORITIES—REVIEW—PRACTICE.
On an application under section 2425, Mills' Ann. Stats., for review of a decree adjudicating water rights, the court has authority to vacate the decree pending the determination of the review. And where an order vacating the decree was entered and the application for review was afterwards dismissed, the court should have re-entered the original decree.

2. SAME—ABANDONMENT—LACHES.
Where an application for review of a decree adjudicating water rights was filed in due time and a referee was appointed to take additional testimony and after the referee had qualified and entered upon the discharge of his duties the applicants withdrew the matters from his consideration and requested him to recall his publication of notice to take testimony, and at next term of court counsel for petitioners stated that there was no report to make as petitioners had not pursued their rights under the order and no further action was taken in the proceeding for more than seven years when petitioners again applied for the appointment of a referee, petitioners had abandoned their rights to a review by their laches in failing to prosecute their action as well as by specific abandonment, and their application was properly dismissed.

3. SAME—SUFFICIENCY OF PETITION.
A petition for a review of a decree adjudicating water rights under section 2425, Mills' Ann. Stats., must show on its face that the parties are entitled to a review by reason of facts and conditions alleged therein, which if true, the decree should be modified.

*Appeal from the District Court of Delta County.*

Mr. MILTON R. WELCH and Mr. THOS. C. BROWN, for appellants.

Messrs. KING & ROBERTSON, for appellees.

BISSELL, P. J.

A critical examination of the authoritative adjudications of the supreme court justifies the conclusion that the procedure for the establishment of ditch and water rights, is regulated and controlled by the irrigation statutes which provide a complete and satisfactory system for the ascertainment and settlement of conflicting claims. *Louden Canal Co. v. Handy Ditch Co.*, 22 Colo. 102.

The right to the use of the waters of Leroux creek in Delta county, and the alleged priorities of some eleven ditches taking water therefrom, are the subject-matter of this litigation. The judgment appealed from is unassailable on any legal hypothesis, and yet as we view it, the learned judge who ordered the entry omitted to enter a decree which fully determined the rights of the respective claimants. While we believe he did not correctly resolve one question suggested by the record which therefore necessitates some further proceedings in the trial court, this error in no manner affects the validity or legality of what he did. The judgment is simply incomplete. In the orderly statement of the record and of our conclusions it will tend to perspicuity to commingle the history of the case with our views of the law applicable to its several parts.

In November, 1887, Peterson and his coplaintiffs filed a petition in the district court of Delta county, pursuant to the statute, seeking an adjudication of the water rights in water district No. 40. The record is not full with reference to these original proceedings. The supplemental proceedings recite the terms of the decree which was entered on the reports

of one or more referees appointed by the court. Enough is found for the purposes of this opinion. Therefrom it appears that the matter was referred to one Amsbary who took testimony and returned his findings of fact and a decree, as provided by law about February 1, 1889. According to this report, the appellants who were the petitioners were entitled to appropriation No. 3 as of the date of July 22, 1882. Thereafter the filing of this report, the court neither approved his decree nor his findings, but subsequently appointed one Simmonds either to take further testimony, or to act as an original referee. In June, 1889, at a special term of the court, Simmonds returned findings of fact and a decree which gave the petitioners an appropriation or priority No. 6, and fixed the date of the appropriation February 18, 1884. The report and findings were approved and a final decree entered. After its entry the parties accepted the judgment as conclusive and took the water according to the priorities and appropriations thereby established. At a special term in January, 1890, the petitioners and present appellants, Peterson, Barrow, and others, filed a petition in the district court of Delta county setting up their residence, their ownership of ranches, their appropriation and the taking of water from Leroux creek, the filing of a ditch location under the statute, and then stated generally the proceedings upon the original petition; the appointment of Amsbary, the making of his report, and the failure of the court to act thereon; the subsequent appointment of Simmonds, the filing of his report and the entry by the court of the decree which he recommended. The petition contained a reference to the files and requested that the records and proceedings should be considered as evidence in these supplemental proceedings. This application was a petition for a review under the statute. Laws of 1881, p. 186, sec. 26; Mills' Ann. Stats. sec. 2425. Since this decision somewhat turns on the construction of this act, and we disagree in some particulars with the *nisi prius* judge from whose judgment this appeal is prosecuted, it is well to state some of its provisions. In general it provides that a district court,

or a judge thereof in vacation, shall have power to order, for good cause shown, and upon terms just to all parties, and in such manner as may seem meet, a reargument or review of any decree theretofore entered establishing water rights, and these proceedings may be had either with or without any additional evidence whenever the court or the judge finds from the cause shown by.the parties aggrieved that the ends of justice will be thereby promoted.   There is likewise a limitation as to the time within which such petition for review or reargument may be had, which is two years after the date of the entry.   There is no question respecting the date of the filing of the petition, and none respecting the authority and power of the court or judge who proceeded in this matter, save in one particular which will subsequently be referred to.   Acting on this clause, and thereunder this petition was filed.   The petition contains nothing other than the matters which have been generally stated, but assigns four separate reasons for the reargument.   It alleges error in appointing Simmonds before the Amsbary report had been passed on or approved ; it alleges that the findings of Simmonds, and the decree entered, are against both the law and evidence as to date of appropriation and the priority number.   The third is but a repetition of the second, and the fourth alleges that the decree is in violation of sections 5 and 6, article 16 of the constitution.   Not otherwise, and upon no other grounds, or upon no fuller statement, the then district judge acted. His action is the subject of criticism and argument, and was held void by the trial court, but as we think, erroneously. Interrupting the legal discussion, it is well now to state, that when the petition was presented, service having been had on the parties, the court entered an order of judgment.   This recites that the matter came on for hearing in March, 1890, on due notice, at one of the regularly named terms of court, and that it appearing from the petition that the ends of justice would be promoted by a review, and the taking of additional evidence, it was ordered and decreed that the decree theretofore entered should be vacated.   An order of refer-

ence was made to D. M. Campbell of Delta county, who was appointed a referee to take and consider evidence, report it and his findings of fact, and submit a draft of a decree which should be returned to the court by June, 1890, giving him full power to perform all duties prescribed by the statute. It likewise ordered personal service on all parties in interest who had not already been served, fixed a time, made an order as to the costs and the expenses of the proceeding, and permitted an amendment of the complaint or petition at any time before the day set for hearing. After these steps had been taken, nothing was done until May, 1897. The contestants then came in, and moved to strike out a very considerable part of the petition contending that the court was without authority to vacate the decree. The pleading was also assailed for insufficiency. This matter was submitted to the court on a stipulation which agreed the only question involved was, had the court jurisdiction to vacate the original decree, and was the decree vacated or was it still in force. This question the court resolved in favor of the contestants, holding that the judgment which the trial court had entered vacating the decree was void because beyond his power. While this is doubtless, in the view which we take of the case, relatively an immaterial matter, the main question upon which the court ultimately proceeded being correctly adjudged against the appellants, we are compelled in order to support our conclusions, and as a basis for the order which we shall make, to briefly refer to this interlocutory entry. The reasons for this conclusion are set out in the abstract, and while perhaps they find considerable support from the peculiar phraseology of the statute, we are quite driven to the conclusion the court incorrectly decided the proposition. The statute confers full power on the district court to order a reargument and review of the decree which may have been entered. This power is as broad and as ample with reference to the reargument and review, as is the power given to make the original adjudication. The court or judge is clothed with authority to review the case, either on the evidence already taken or to order

further evidence taken to enable the judge to arrive at a just conclusion. It would seem from the breadth of the authority granted, that the powers of the court on a review or a reargument are coextensive with those which may be exercised at the time of the original hearing. It seems to follow as a necessary and logical conclusion, if the trial court has power on the reargument to act on the evidence already taken and enter such decree as he may be advised and either modify or uphold the original judgment, or to order additional evidence taken and thereon, as well as on the evidence previously produced, enter such decree as he may be advised, he is given by the statute full control and authority over the proceedings and over the decree theretofore entered. It would seem necessarily to follow, that if he has power to vacate the decree and modify it on the evidence taken, or on further testimony, he may at the time of the application either set aside the original decree pending his final determination or permit it to stand until he shall make a final entry. In other words, as we look at it, the statute gives him full authority over the proceedings and the judgment, and the power to modify or vacate and re-enter a decree will give him full power to vacate prior to the time that he renders his ultimate judgment, and the power is as broad and ample as that which he possesses when he first enters judgment. The power of the court over the proceedings and the decree on a petition filed within two years, is full and complete and coextensive with that which any court possesses over its judgments and decrees. It would hardly be contended that on a proper application and on a sufficient showing, and at a proper time, a court did not have power to vacate a decree pending the ultimate determination of the suit. It would not be disputed that courts generally possess this authority. If a trial court at the time of the original entry, for any sufficient reason, deemed it wise to take further testimony, it might, pending the production of that proof, vacate the decree and thereafter on the incoming of the evidence either re-enter the decree or enter the judgment which was deemed right and proper. If this be true in an ordinary

equitable suit, it would appear to be clear that under the broad powers conferred by this section, whereby the .court is given full authority to do what seems right in the premises, either in the shape of modification, re-entry or complete change, it must have the usual equitable powers belonging to all courts.   While our conclusions in this respect differ with those of the trial judge, so far as we can see, it in no manner affects the validity of his ultimate judgment which we are prepared fully and entirely to concur in.

We will now recur to the subsequent proceedings and the findings of the court and its judgment.   After the motion to strike had been disposed of, issue was taken on the petition and a defense interposed which set up in detail the terms of the original decree, pleaded the laches of the petitioners in proceeding after they had obtained the order vacating the decree and appointing a referee, and the abandonment of their alleged rights.   On these pleadings and proceedings in 1897, the matter came on for hearing on the application for the appointment of a referee.   In rendering judgment the court delivered a convincing and satisfactory opinion which we find in the record.   It is based on certain findings of fact which we accept as true.   The court found that the order vacating the decree was entered.   It found that notice had been fully served, and that all parties were thereby bound.   It disregarded the defense of the statute of limitations, and held that as the matter then stood this was simply a continuation of the original suit.   The court then proceeded to determine the question of abandonment and laches. It found that while the petitioners did not dismiss their proceedings, they abandoned their right to the review and reargument.   As a matter of fact the court found that the referee Campbell qualified, entered on the discharge of his duties, gave notice of the time and place when he would proceed to take evidence, and that he was thereupon advised by counsel representing the petitioners that they did not propose to proceed further in the matter, and he was requested to withdraw the notice from publication, which he did.

Further, that at the next term subsequent to the order of March, 1890, counsel representing petitioners stated that there was no report to make, as the petitioners had not pursued their rights under the order; that at no time since have the parties requested him to proceed. The costs incurred were paid by the petitioners, who discharged their attorney and employed no other until within a short time preceding the present application. On these facts, the court decided that the petitioners had abandoned their petition, had dismissed the application, and because of this acquiescence in the original decree, and in the establishment of the priorities, they had foreclosed themselves from a reopening of the question and a further consideration of the matter. With this conclusion of the trial court we are in full accord. We long ago decided, following the supreme court of the United States, and adopting their language that "the mere institution of the suit does not of itself relieve a person from the charge of laches, and that if he fail in the diligent prosecution of the action, the consequences are the same as though no action had been begun." *Hagerman et al. v. Bates et al.*, 5 Colo. App. 391. While this decision as to another matter was not approved by the supreme court that court accepted the law of laches as we therein declared it, citing the authorities on which we predicated our conclusion. *Hagerman et al. v. Bates et al.*, 24 Colo. 71. So far then as concerns this principle, it may be regarded as the settled law of the state. We know of no case which more plainly calls for the application of the doctrine. The original proceedings for the establishment of the water rights on Leroux creek were begun in 1888 and culminated in a decree. The petition for reargument and review was filed in apt time, and had it been duly prosecuted, and a sufficient showing been made, the petitioners might have secured a modification of the decree and a declaration of the rights as they claimed them. According to the finding of the trial court, and it is supported by the record, the parties went no further than to procure the appointment of a referee, who

duly qualified and entered on the discharge of his duties. The matters were then entirely withdrawn from his consideration, and at the petitioner's request he dismissed his publication; they paid the costs of the proceedings and in open court declared that they did not intend to proceed further therewith. We thus have not only laches and an abandonment deducible from the lapse of more than seven years, but a direct and specific abandonment by the acts of the parties by which they must now be held to be concluded. The lower court was therefore entirely right in holding that the petitioners had no right in 1897 to have a referee appointed, or to reopen the case.

There are still other reasons which the court might have suggested, and whereon he might have readily and correctly determined that the petitioners were entitled to no relief. Proceedings for reargument or review had not then been before the supreme court for consideration. Since that time, however, the matter has come up and that court has established a doctrine which is applicable to the present case. In a very recent decision of that distinguished tribunal, rendered by the eminent justice who entered the judgment appealed from, it was distinctly declared that it must appear on the face of a petition which seeks a reargument that the parties are entitled to it by reason of facts and conditions stated in their petition, which if proven, would sustain the action of the trial court in entering on a reconsideration of the case. *Crippen-Lawrence Investment Co. v. Burroughs et al.*, 27 Colo. 155. Therein the court held that the statute, allowing a review of the decree, contemplates that a good cause must be shown, and using the language of the court, " that a petition for this purpose must state a cause of action, that is to say, — it must state facts from which it appears that the party applying for such reargument and review of .the decree, has been aggrieved thereby, so that the court to which such petition is addressed, may say upon inspection: ' if these facts be true, the decree should be modified.' " Recurring to the statement heretofore made respecting the substance of the

petition, it very clearly appears the petition contained nothing which on inspection would show that the court had committed an error in the entry of the original decree.  The petition only recites what had been done with reference to the appointment of the referees, the return of their finding, the decree of the court, and a judgment thereon entered by the district court in 1889. . As in the *Crippen-Lawrence* case the petition did not state a good cause of action, nor could the court say, on inspection, if the facts stated are true, the decree should be modified.  The petition therefore stated no cause of action, and the court could readily on this principle have dismissed the proceedings and refused to modify the decree. Nor are we able to find from an inspection of the issue tendered by the answer any matter which aids the petition or which shows error in the original decree.  On this ground, as well as upon that stated by the learned judge, the judgment of dismissal may be sustained.  We therefore conclude the trial court was entirely right in the judgment which it entered.

There is a further matter to which we must now refer, believing as we do, that the trial court did not go as far as it might or as it ought to have gone.  Of this matter the appellants are in no condition to complain because the very basis of their petition for reargument was that there had been a vacation of the original decree and the matter was before the court for final determination.  By their record they are concluded, and cannot now be heard to complain if we accept the position which they took in the court below and thereon proceed to order what ought to be done.  They pleaded the vacation of the decree.  The court found the decree was vacated and what was done with reference to the application for the appointment of a referee was in continuation of that suit.  When the court correctly decided that the parties had lost their right to further proceed there was nothing to do except to deny the application and then to re-enter the original decree.  This the court manifestly would have done, but for his conclusion in which we cannot concur, that the

original order vacating the decree was without the power of the court, and that the decree stood and there was a final judgment. Reaching this result the order which ought to be made in this case, is one affirming the judgment of the court below and remanding the matter to the district court, with directions to re-enter the original decree, that it may stand as a final adjudication. Acting thereon, and under the power given us by the statute, we affirm the judgment of the court below and remand it to the district court with directions to the judge thereof to re-enter the original decree. Thereby justice will be done, the controversy will be settled and there will be a decretal order on the records which will stand as a final adjudication.

*Affirmed.*