[No. 3917.]

THE CRIPPEN-LAWRENCE INVESTMENT CO. v. BURROUGHS
ET AL.

27   155
f27   229
15a  266
15a  267

1. WATER RIGHTS—REVIEW OF DECREE—PLEADING.

Section 2425, Mills' Ann. Stats., providing that the court in which an adjudication of water rights is had may order a reargument or review of such decree, contemplates that good cause must be shown therefor, and a petition for such review must state facts from which it appears that the party applying therefor has been aggrieved by the decree. It is not sufficient to state mere conclusions in the petition.

2. SAME—STATUTORY GRANT.

Where a party petitions for a review of a decree adjudicating water rights and relies therefor on a statutory grant, he must state facts from which it can be ascertained that the lands in question are the same as those mentioned in the statute, and that the legislative grant had inured to the benefit of petitioner. An allegation in the petition that the lands described constitute a ranch by the same name as that mentioned in the statute, is not sufficient to identify it as the same.

*Error to the District Court of Fremont County.*

Mr. J. B. McCoy, Messrs. HODGES, WILSON & HODGES, for plaintiff in error.

Mr. JAMES T. LOCK, for defendants in error.

MR. JUSTICE GABBERT delivered the opinion of the court.

Plaintiff in error filed a petition in the court below for a reargument and review of the decree theretofore entered in the matter of the adjudication of water rights in district No. 12. Subsequently an amendment to this petition was tendered and filed. To these pleadings those who appear to have been made parties defendant interposed a general demurrer, which was sustained; and plaintiff in error having declined to further plead, the proceedings were dismissed.

The only question necessary to determine, is the sufficiency of the petition and amendment. These were evidently intended to be filed under the provisions of sec. 2425, Mills' Ann. Stats., which in terms provides that the court in which an adjudication of water rights is had under the statutes, may, upon good cause shown, order a reargument or review of such decree, with or without additional evidence. The only averments in the petition which can be denominated a "statement" upon which plaintiff in error bases a right to the relief demanded, are to the effect that petitioner owns the Davis ditch, and the appropriations of water thereby utilized from Hardscrabble creek; that by the decree this ditch was awarded, under priority No. 172, one-half cubic foot per second, and under No. 189, two and $\frac{225}{1000}$ cubic feet; that priority No. 172 should have been numbered about twelve, as of date June 1, 1861, and in volume one cubic foot per second; and that No. 189 should have dated from May 1, 1876, been numbered accordingly, and allowed three cubic feet. That the findings of the referee with respect to an abandonment of the ditch, and irregularities in transfers and conveyances by its owners, were erroneous and that he overlooked and did not consider, or report upon, usages and customs of

transfers of ditch and water rights in such district. These averments certainly fail to state a fact from which the conclusion can be deduced, that the decree complained of was erroneous. It is stated that the priorities awarded plaintiff in error should have been of an earlier date and number, and that the volume allowed should have been greater; but no facts are stated upon which this conclusion is based. It is also claimed that the referee erred in his findings on the subject of abandonment, and that with respect to transfers and conveyances of the ditch, his findings were erroneous; but this, again, is a mere conclusion, unsupported by the averment of a single fact. The statute allowing a review of a decree contemplates that good cause must be shown therefor; that a petition for this purpose must state a cause of action; that is to say, it must state facts from which it appears that the party applying for such reargument and review of a decree, has been aggrieved thereby, so that the court to which such petition is addressed may say, upon inspection: "If these facts be true, the decree should be modified."

The purport of the averments of the amendment is that the lands described in the petition are the same originally embraced in what is known as the Hardscrabble Ranch; that the Davis ditch is the one by means of which that ranch was irrigated from the waters of Hardscrabble creek, and an appropriation thereof made for that purpose, to the extent of five cubic feet per second, dating from May, 1861, which ranch, ditch and rights petitioner has succeeded to and now owns; that the court had no jurisdiction to adjudicate the waters of the stream above the north line of this ranch, except that part in excess of five cubic feet, because this volume had been appropriated by remote grantors of the petitioner prior to the date of the adoption of the constitution of the state, and was then reserved and set apart to the use of such ranch, as a vested water right. In support of the sufficiency of this amendment, it is argued that by virtue of the provisions of the territorial statutes of 1861, and amendment in 1866, a legislative grant had been made for the use of the lands de-

scribed in the petition, which " constitute what was known as
the Hardscrabble Ranch." The act of 1861 to which coun-
sel for petitioner refers, declared that persons having title
to land within the boundaries of the territory on the bank of
any stream, should be entitled to the use of the water of such
stream for the purpose of irrigating such lands, provided
that the terms of the act should not apply to persons occupy-
ing lands upon Hardscrabble creek, but upon that stream
each occupant should be allowed sufficient water to irrigate
160 acres of land, if there was sufficient for that purpose.
Otherwise, the occupant nearest the source should be first
supplied.  Laws, 1861, p. 67, *et seq.*  The amendment of
1866 provided that the act of 1861 should not apply to those
owning land on Hardscrabble creek, but upon that stream
the owners of what was known as Hardscrabble Ranch should
have the exclusive right to all of the waters of the stream
flowing down to the north line of that ranch, provided there
was no more water in the stream down to that point than
was necessary to irrigate 160 acres.  Session Laws, 1866,
p. 64.

An examination of the amendment to the petition wholly
fails to indicate that petitioner relied upon these acts for the
purpose of establishing any rights in and to the waters of
Hardscrabble creek.  It is only from the argument made,
that this information is derived.  It cannot be assumed that
because in the amendment to the petition the lands described
therein constitute the Hardscrabble Ranch, that they are the
same as those mentioned in the amendment of 1866 by that
name.  If it was the intention of the petitioner to rely upon
the laws to which reference is above made, to support the
legal conclusions pleaded, it was certainly necessary to state
facts from which it could be ascertained that the lands in
question were the same as those mentioned in these laws, and
that by virtue thereof, and the beneficial use of water there-
under, the legislative grant sought to be asserted had inured
to the benefit of petitioner.

Neither the petition, nor the amendment, nor both to-

gether, stated facts from which the conclusion could be deduced, that the original decree of which petitioner complains, was erroneous, or should be modified; and the general demurrer was properly sustained. The judgment of the district court is affirmed.

*Affirmed.*