[No. 3669.]

THE RIO GRANDE LAND AND CANAL CO. ET AL. v. THE PRAIRIE DITCH CO. ET AL.

1. WATER RIGHTS—ADJUDICATION OF PRIORITIES—REVIEW—PETITION.

A petition under section 2425, Mills' Ann. Stats., for a review of a decree adjudicating the priorities of water rights must state facts from which it appears that the petitioner has been aggrieved thereby and from which the court may determine the correctness or incorrectness of the decree.   A petition that contains only general allegations and conclusions of law is insufficient to justify a review of such decree.

VOL. XXVII—15

2. Same—Objections to Decree.

A party to a proceeding adjudicating priorities of water rights who has notice of the filing of the referee's report and decree thereon, and is given an opportunity to present his objections thereto, if any, but fails to do so, is not entitled to a review of the decree, under section 2425, Mills' Ann. Stats., for causes that existed at the time the decree was rendered. Although the statute gives him two years within which to file a petition to reopen the decree, his right to do so for cause existing at the time the decree was rendered is conditioned upon his having at the time made an objection and saved an exception to an adverse ruling upon his objection.

3. Water Rights—Adjudication of Priorities—Review—Parties.

The opening up of a decree adjudicating priorities of water rights for reargument or review upon a petition filed under section 2425, Mills' Ann. Stats., does not open it for review upon objections that may be presented by any parties thereto, but the review will be limited to objections of parties who make themselves copetitioners under the statute or are brought in as respondents.

4. Same—Invalid Statutes.

Where it appears that a review of a decree adjudicating water rights was reopened under section 2425, Mills' Ann. Stats., and a new decree rendered solely upon the ground that some of the parties had not complied with section 2265, Mills' Ann. Stats., requiring a map and statement of ditch to be filed, the new decree will be reversed as said statute is unconstitutional and void.

5. Water Rights—Diligence.

Parties cannot be heard to object that due diligence was not used in the construction of a ditch when the ditch was completed and water applied to a beneficial use before the objecting parties began the construction of their ditches.

*Appeal from the District Court of Costilla County.*

Mr. Charles H. Toll, Mr. Wm. R. Barbour, Mr. Frank C. Goudy, and Mr. A. B. Seaman, for appellants.

Mr. Ira J. Bloomfield, Mr. T. B. McDonald and Mr. C. M. Corlett, for appellees.

Chief Justice Campbell delivered the opinion of the court.

The judgment appealed from was rendered by the district

court of Costilla county upon an application by the Prairie Ditch Company and the Farmers' Union Ditch Company, two of the appellees, who as petitioners below, asked to have reopened and reviewed a former decree of that court rendered in the statutory proceedings for the adjudication of the priority of rights to the use of water for irrigation in water district No. 20.

In the original proceedings the jurisdiction of the district court was properly invoked to make the adjudication. A referee was appointed to take testimony and report findings of fact and a draft of a decree. He complied with the order, and reported his doings thereunder, together with his findings, embraced within the draft of the decree, which were filed August 10, 1891.

On the 24th of the following September the court made an order as the statute requires (Mills' Ann. Stats. sec. 2420; Gen. Stats. 1883, sec. 1783), giving the parties until November 15, 1891, to file exceptions to that report and draft of decree, and set the cause for hearing two days thereafter. Though duly notified, none of the parties to the proceeding filed any objections, and accordingly when the cause came on for hearing on November 17, 1891, the day set, the decree as prepared by the referee was signed and entered by the court, and no exception thereto was taken by any party.

The two appellees above referred to, on October 10, 1893, filed their petitions in the district court asking for a rehearing and that additional evidence might be taken and a new decree made. These petitions were fortified by a number of affidavits, but there was no attempt to show, as ground for reopening the decree, any matters which occurred after its rendition. Objection to the sufficiency of the showing was made by the appellants, the Rio Grande Land and Canal Company and the Empire Land and Canal Company, which are the only parties respondent to the new proceeding. The motion to dismiss the applications was overruled, and an exception duly taken, and the court reopened the decree, and, without taking any additional evidence, proceeded to remodel

it, and made an entirely new decree throughout. From the portions thereof affecting the appellants, they have appealed to this court.

A number of errors have been assigned and argued by counsel, but they may be condensed into the four following general propositions:

1. The district court, upon the showing made by petitioners, erred in granting the application to reopen and review the decree.

2. It erred in holding, under the facts of this case, that parties, not objecting to a decree when rendered, may at any time within two years move to have it reopened.

3. The court also erred in holding that parties are entitled to be heard, other than those who file a petition for relief within the statutory period of two years, or are, within that time, made parties to such proceeding.

4. If the showing made by the petitioners was sufficient to move the court to action, nevertheless, the facts in the record do not justify the modification which the district court made in its former decree.

1. The substance of the petitions, after setting forth that the petitioners are appropriators of water affected by the former decree, was that they were injured, aggrieved and damaged by it because other and prior appropriators were awarded priorities in excess of their right, and that the priorities awarded to the respondents, antedating those of petitioners, were, in whole or in part, earlier in time than they were entitled to. That when the decree was rendered the petitioners knew of these errors and that many of the larger ditches had been awarded a greater quantity of water than they actually needed, and after its rendition water therein was wasted by the owners instead of allowing it to be enjoyed by subsequent appropriators. Other supposed grounds were alleged, such as that the attorney whom the petitioners employed in the original hearing had not sufficiently guarded their interests.

The statute under which this application was made reads:

"The district court, or judge thereof in vacation, shall have power to order, for good cause shown, and upon terms just to all parties, and in such manner as may seem meet, a reargument or review, with or without additional evidence, of any decree made under the provisions of this act, whenever said court or judge shall find from the cause shown for that purpose by any party or parties feeling aggrieved, that the ends of justice will be thereby promoted; but no such review or reargument shall be ordered unless applied for by petition or otherwise within two years from the time of entering the decree complained of."   1 Mills' Ann. Stats., sec. 2425.

This statute was before this court in the case of *Crippen-Lawrence Investment Co. v. Burroughs, ante,* p. 155, concerning which it was there said:

"The statute allowing a review of a decree contemplates that good cause must be shown therefor; that a petition for this purpose must state a cause of action; that is to say—it must state facts from which it appears that the party applying for such reargument and review of a decree, has been aggrieved thereby, so that the court to which such petition is addressed may say, upon inspection: 'If these facts be true, the decree should be modified.'"

Tested by this standard, the showing made by the petitioners before us is wholly insufficient. No facts are specifically stated from which the court may determine as to the correctness or incorrectness of the decree assailed, and there are only general allegations and conclusions of law of the pleader which do not supply the place of facts upon which only legal deductions can be drawn.

It is not alleged in the petitions, but it clearly appears from the subsequent proceedings, to which reference will hereafter be made, that the petitioners relied exclusively upon the proposition, which was the controlling, if not the only, reason that prompted the court to reopen the decree, that the so-called map and statement laws (Sess. Laws, 1881, p. 162; Sess. Laws, 1887, p. 314; Mills' Ann. Stats. sec. 2265) had been ignored by the referee and the court in the original pro-

ceedings, and that if they had been applied, as they should have been, the findings of fact by the referee and the decree as prepared by him would have been different. These acts in substance require that, after they became effective, a person constructing a ditch of a named capacity must file in designated public offices a certain map and statement, and in case of failure to do so, no priority of right to the use of water shall attach. As we shall see further on, the district judge who reopened the decree erred in holding these acts valid, and as no other fact is alleged showing any cause for the court's ruling, we must hold the petitions insufficient to invoke judicial action.

2. When the original decree was rendered, although all of the parties to the then pending proceeding were notified to appear and at a certain date make known their objections, if any, to the findings of fact by the referee or to the decree which he prepared, none of them appeared in response to that notice, or objected to any finding or to any part of the decree. Appellees concede that no appeal could be taken from that decree unless an objection had been made to it and an exception taken; but it is their contention that this was not necessary, nor was it a condition precedent to the right, within two years, of any party feeling aggrieved to petition the court for a reargument or review, with or without additional evidence.

Though a decision of this question is not absolutely essential to a determination of the appeal, it concerns a question of practice that ought to be settled, and we are not inclined to look with favor upon the construction adopted by the trial court. If a party knowingly and intentionally neglects to apprise a court of his objection to a decree at the time it is rendered, when he has full opportunity to do so, even though he may be given by the statute two years within which to file a petition to reopen it, we think the right to do so, in so far as it is based upon a cause existing at the time the decree is rendered, is conditioned upon his having at that time made an objection to it, and saved an exception to an adverse ruling

upon his objection. The statute itself requires the court to cause the parties interested to be given an opportunity to object to the decree, and that would be a useless requirement if he could entirely ignore it, and then, two years later, exercise the right to have it modified when the correction, if proper, could, and would, have been made before the decree was entered if the attention of the court had been arrested. It is true, two years have been given by the statute for an application to reopen a decree, but it does not follow that, in every conceivable case, and in all circumstances, a party may have the full length of time for this purpose when he has negligently failed to avail himself of a prior opportunity therefor.

3. After the court entered an order reopening the decree, it caused a notice to be served upon all those who were parties to it, stating that, if they so desired, they might come in and be heard. In response to this notice the appellees, other than the original petitioners, appeared and filed exceptions to the former decree, which the court entertained, though their petitions were filed and exceptions tendered more than two years after the original decree was entered.

It is contended by the appellants that in no event and in no circumstances can a party be heard to complain who did not, within the period of two years, ask to be heard. This contention is based upon the theory, which we think tenable, that the adjudication which these statutory proceedings contemplate results in, and consists of, separate, distinct and divisible parts of one general decree, there being as many such as there are separate ditches or rights existing. This being true, we think it follows that, even though one or more parties affected by one clause or subdivision of the decree may, by bringing in proper parties, within the statutory time, ask for, and receive, a modification as to that portion, this does not give the right to other persons interested in, or whose rights are established by, some other and separate clause of the general decree, and which are not affected by the former—a right to ask a review as to such

portion, or to file exceptions, generally, to the decree, unless within the statutory time they come in as copetitioners, or are brought in as respondents. Of course, we do not intend to hold that the rights of such other parties may be cut off or impaired without an opportunity to be heard, but only that their right to the statutory remedy is barred by failing seasonably to avail themselves of it. This conclusion leaves before this court, as appellees entitled to be heard, only the two original petitioners.

4. Since this proceeding was instituted this court, in the case of *Lamar Canal Co. v. The Amity L. & I. Co.*, 26 Colo. 370, has held the so-called map and statement law, above referred to, wholly unconstitutional and void. This being so, and it clearly appearing that the action of the court in granting a review and in modifying the former, and in rendering a new decree, was based solely upon the mistaken notion that these invalid statutes applied and governed in the award of priorities, we are clearly of opinion that the decree before us was wrong and should be reversed.

After the applications for a review were granted, it seems that an examination of the original files disclosed the fact that the referee had made no formal, separate findings of fact, though in the decree were embodied specific findings upon which its various provisions were based. Apparently with a view to secure a literal compliance with the provisions of the statute, the court rereferred the evidence to the same referee, with instructions to make new findings and prepare and report a draft of a decree. It should be said again that no additional testimony was taken, and no request therefor seems to have been made. The referee made formal and separate findings and reported them to the court, which were the same as in the former proceedings except that some clerical errors in the original findings and decree were made and accepted by the parties affected by the change, but which do not in any wise concern the parties now before the court. The draft of the decree was substantially the same as before. Whether the rerefer-

ence was authorized by the statute is not important in this case, but, for our present purpose, we shall treat it as within the power of the court.

When this report of the referee came in, the court proceeded to make what it calls additional findings. So far as affecting the interests of the parties now before the court, these additional findings were merely to the effect that the appellees had, and the appellants had not, complied with the so-called map and statement law, and as a conclusion therefrom, the court, in awarding priorities, after approving the findings of the referee to the effect that due diligence had been employed in the construction of the ditches and the application of water to a beneficial use both by the appellants and the appellees, under the doctrine of relation, dated the priorities of the appellees as of the date of the beginning of construction of their ditches, but refusing to apply that doctrine to appellants, made their priorities date as of the time of the application of water to a beneficial use.

It thus clearly appears, as the district court itself in its findings declares, that, subsequent to the passage of the law of 1881, the doctrine of relation was applied only to those ditches whose owners complied with the statute. In doing so, as we have already decided, the court was wrong, and the decree based upon such a theory cannot be sustained.

But the appellees insist that, if these statutes are invalid, the decree, as modified by the district court, is correct because the appellants did not observe due diligence either in the construction of their ditches or in the application of water to a beneficial purpose within a reasonable time after the work of construction was finished.

This position, however, is wholly untenable. The referee found that due diligence in these respects had been exercised, and his finding was approved by the judge of the district court, not only when the original decree was entered, but by the judge who reopened the former decree and rendered a new and different one. Moreover, the appellees did not object to such finding, nor except thereto, nor have they as-

signed cross-errors on this appeal. We have, however, sufficiently examined the evidence to see that such finding was made upon conflicting evidence directed to this very question, and it is legally sustained by the evidence.

There is another reason why the Prairie Ditch Company and the Farmers' Union Ditch Company, who are the only petitioners in this case, and the only ones entitled to be heard, cannot press this point, for the record shows that the ditches of appellants were completed and water applied to a beneficial use before these petitioner corporations were organized, and before they began work upon their structures.

Counsel for the Rio Grande and Lariat Ditch Company upon the oral argument for the first time filed a suggestion that a federal question was involved. His point is that, if this court should now declare unconstitutional the so-called map and statement statutes, upon the faith of which it incurred expenses in making its appropriation, the obligation of the contract between it and the state of Colorado would be violated.

When the controversy, where the validity of these statutes is drawn in question, is one between individual citizens contesting for a priority of right, and in which the state is not a party, and is not asserting the unconstitutionality of a statute against one who has incurred expense on the faith of its validity, we fail to perceive the pertinency of the suggestion. But if it had merit, and was made by a party properly in court, which we have held is not the *status* of this appellee, the suggestion comes too late at this stage of the proceeding. *Lamar Canal Co. v. Amity L. & I. Co., supra.*

As already indicated, the adjudication of these priorities results in a decree made up of a large number of separate and divisible parts. This is recognized throughout the statutes authorizing such adjudication, and by sections 2427–2432, Mills' Ann. Stats., treating of appeals, provision is made that only such part of the record as pertains to the priorities of the particular appellant and appellee need be brought up. We have concluded that, although the original

decree should not have been reopened at all, and no change should have been made therein, nevertheless, as only the appellants have complained of the action of the district court, in this proceeding, we will limit our order to that portion of the decree appealed from, affecting the appellants. The decree of the district court will, therefore, be reversed in so far as it affects them, and the cause will be remanded with instructions to the district court to reinstate the priorities granted to the appellants by the decree of 1891 and to modify its decree accordingly, and it is so ordered.

*Reversed.*