[No. 4513.]

## WATERMAN v. HUGHES ET AL.

1. **Water Rights—Adjudication of Priorities—Conditional Decree —Limitation.**

In a proceeding to adjudicate priorities of water rights, where a ditch owner whose ditch was not completed made proof and procured a decree fixing the date and number of his priority and a conditional decree providing that he would be entitled to a certain quantity of water per second of time if the work was prosecuted and the ditch completed with proper diligence, a subsequent application in the same court entitled the same as the former adjudication, wherein the assignee of said ditch owner asked that the court hear proof and determine and judicially declare the quantity of water his ditch was entitled to receive, was not an application for a re-argument or review of the former decree such as is required to be brought within two years, neither does the statutory provision that after four years all persons are barred from setting up any claim adverse or contrary to such decree, apply.

2. **Water·Rights—Conditional Decree—Pleading—Parties.**

Where, in a proceeding to adjudicate priorities of water rights, an interlocutory decree was entered in favor of an unfinished ditch conditioned that it should be completed with proper diligence, in a subsequent proceeding upon application to hear evidence and to determine and decree to said ditch the quantity of water to which it was entitled, an answer which alleges that there are other water-right owners interested in the proceeding adversely to petitioner not made parties to the proceeding, but which fails to give their names or designate their interests, does not state a good defense to the application.

3. **Water Rights—Conditional Decree—Proceeding to Make Absolute—Parties.**

Where, in a proceeding to adjudicate priorities of water rights, an interlocutory decree was entered in favor of an unfinished ditch conditioned that it should be completed with proper diligence, in a subsequent proceeding upon application to hear evidence and to determine and decree to said ditch the quantity of water it was entitled to receive, persons who had been awarded priorities by the former decree which were prior in point of time to the priority of petitioner, were not necessary parties.

*Appeal from the District Court of Fremont County: Hon. M. S. Bailey, Judge.*

Messrs. WOLCOTT, VAILE & WATERMAN, Mr. W. W. FIELD, and Messrs. WALDO & DAWSON, for appellant.

Mr. JOSEPH H. MAUPIN and Mr. SAMUEL P. DALE, for appellees.

Mr. JUSTICE CAMPBELL delivered the opinion of the court.

Under the provisions of our general statutes, which furnish a special procedure for the adjudication of rights to the use of water for irrigation, the district court of Fremont county in April, 1887, rendered a decree whereby it established such priorities in Water District No. 12. This determination, under our laws, is designated a decree, and it consists of separate and distinct clauses or adjudications, one for each of the ditches or canals in the water district to which a priority was awarded. Among other things, it adjudged that the several ditches should be numbered as nearly as possible according to the dates of their respective constructions, which dates were thereby judicially ascertained and recited.

The Fremont Water Supply Company, a corporation, the owner of a canal situate in the water district, appeared in the proceeding, filed its statement of claim under the statute, and offered testimony in its support. As its ditch, or canal, though then begun, was not completed, and for that reason its appropriation not perfected, the decree merely established the date of its priority as of July 15, 1885 (the date when its construction was begun), and gave to it a number which, in relation to the numbers of the other ditches taking water from the stream, was 49, and then provided that it will be entitled to 500 cubic feet of water per second if it is completed with due diligence. The exact wording of the portion of the decree is as follows:

"That said canal is entitled to Priority No. 49; that the claimant and owner thereof is The Fremont Water Supply Company; that said ditch or canal was not fully completed at the date when the evidence concerning ditches on Beaver creek was being taken, so that the extent and character of its appropriation cannot now be positively fixed; and that said ditch will be entitled to five hundred cubic feet of water per second of time, under and by virtue of its original construction and said Priority No. 49, if its work shall have been prosecuted with suitable diligence, and so much water can be had without interference with the other and previous priorities above set forth."

Thereafter further action was had in the same proceedings, and in the same court, which culminated in a decree of March, 1894, and the portion thereof affecting The Fremont Water Supply Company's canal, reads:

"No. 345. The Fremont Water Supply Company's canal. That said ditch is entitled to Arkansas River Priority No. 330, which is also Beaver Creek Priority No. 50; that the owner of said canal is The Fremont Water Supply Company; that the rights of this ditch cannot be fixed at this time in so much as the testimony does not disclose what they are."

This follows other recitals which say the date of original construction of the canal was July 15, 1885, the same as was determined in the decree of 1887.

Continuously, during each irrigation season, from the entry of the first decree up to a short time before the pending suit was begun, water was distributed by the water commissioner in accordance with its provisions, and, whenever there was sufficient water in the stream for that purpose after the senior appropriators were supplied, water was turned into the headgate of the canal of The Fremont Water

Supply Company. All parties to the decree seem to have recognized its validity and acquiesced in the allotment of water thereunder.

The present application, entitled the same as were the other proceedings hereinabove referred to, filed in the district court of Fremont county in August, 1901, was at the instance of Charles W. Waterman, the grantee of The Fremont Water Supply Company's canal. Its avowed object is to complete the proof of his appropriation. It is alleged in the petition that only the date of the priority of petitioner's canal and its relative priority were fixed by the decrees mentioned, and the court is asked to hear proof and determine the quantity of water to which it is entitled and judicially declare the same, so that the water commissioner may have definite data and a final, absolute decree to guide him in distributing water. The petition alleged that only the persons who are here as appellees were, by the provisions of the former decrees, awarded priorities of a later date than that of petitioner, and all other appropriations of water from this stream in the water district were prior in point of time to his, and therefore could not be affected by the proceeding thus instituted. As petitioner's canal was not constructed, in accordance with the original plan, to carry the full amount of water then claimed, but its carrying capacity, as well as the quantity applied to a beneficial use, for which he now seeks a final decree, is less than was at first claimed and conditionally decreed to his ditch, his theory is that he may now complete his proof and obtain a decree, if the junior appropriators are present.

An answer was filed to this petition in which substantially these issues were raised: (1) That the plaintiff's rights, if any he had, are barred, the contention being that all persons are precluded from

setting up any claim adverse to the decree rendered under the so-called irrigation statutes after the lapse of four years from its entry; (2) that the petitioner and his grantors never acquired any rights under the former decrees of the court in this water district, but if they did, the same was abandoned; and (3) that there is a defect of parties defendant in that other appropriators of water from the stream, who would be injuriously affected by any decree that petitioner might obtain in these proceedings, were not brought in. The other issues raised are not material on this review.

The court heard evidence, but, in reaching its conclusion, disregarded all of it which pertained to the character and extent of the appropriation. Two findings were formulated, in the nature of conclusions of law, upon which a decree was entered dismissing the petition. The grounds upon which the decision was made are: (1) That the pending proceedings were brought to re-argue and review the former decrees of the same court, upon additional evidence; and (2) that the necessary parties to the adjudication here sought were not now before the court. As the court held that petitioner's grantor was a party to the proceedings leading up to the former decrees, and no application was made to review the same within two years as required by the statute pertinent to that subject, and as the court further held that there was a defect of parties respondent, the petition was dismissed.

1. The petitioner's grantor was a party to the former proceeding; hence the four years' statute of limitations pleaded (Sec. 2435 Mills' Ann. Stats.), is not in point. *Crippen v. X. Y. Irr. Co.*, 32 Colo. 447, and cases cited. The fact that the trial judge disregarded this defense, saying nothing about it in his

opinion dismissing the proceeding, indicates that he was of the same mind.

If the object of this proceeding is as the trial court thought, then it cannot be maintained; for, under section 2425 Mills' Ann. Stats., no re-argument or review, either with or without any additional evidence, of any decree made under the provisions of the irrigation act can be had by one who was a party, unless applied for within two years from the time of its entry. We are of opinion, however, that such is not the object of this proceeding. The court was in error in holding that the two years' statute of limitations controlled, as a consideration of the provisions of the former decree, which are applicable to petitioner's canal, will show.

The record does not disclose why the second decree was given, but as provision is made in our statutes for a review of decrees made thereunder, and for additional ones to be made from time to time, and as petitioner, himself, pleads this decree as one of the evidences of his title, we assume that the court had jurisdiction of the proceedings in which it was rendered. Taking the provisions of the two decrees together, we conclude that there is no inconsistency between them. Under a fair construction, the rights, if any, which petitioner here has in the canal are to be measured by both, the later being merely supplementary to the earlier one, and in no particular changing it, which is material to this case.

It will be observed that by the decree of 1887 the date of this canal was established, as was also its relative priority to the other canals or ditches of the water district. The canal was not fully completed at the time the decree was entered, so that, as the decree itself states, the extent and character of its appropriation could not then be positively fixed. The decree, however, as to the date and relation of

priority was absolute. That portion which declared that the ditch or canal was entitled to 500 cubic feet of water per second of time as of the date of its original construction, if the work thereon should be thereafter prosecuted with suitable diligence, was conditional. The decree of 1894 in no wise changed or altered the absolute portion of the former decree and allowed the conditional portion to stand as it was in the earlier one, for the reason that the testimony before the court in 1894, as in 1887, did not furnish sufficient data upon which a workable decree could be entered.

It is not true that petitioner's grantor has not obtained a decree in his favor. A decree was awarded, absolute as to one, and conditional as to the other, essential element of a perfected water appropriation. The date of the priority was absolutely determined, but its amount was conditional and left open for future ascertainment.

The situation, then, is merely this: The builder of the canal appeared in both proceedings, offered evidence, and received an absolute and definite decree establishing the date and relative priority of his canal. For the reason therein given, it was impossible for the court to establish by decree any definite quantity of water to which it was entitled. Taken in its entirety, the decree was manifestly interlocutory and temporary, and was not intended to be final.

This is not a case where a party to a proceeding neglects to offer proof, and for that reason fails to obtain a decree, and then comes into court asking to have re-opened an unfavorable award. The object is not to re-open a former decree, and nothing is now claimed adverse thereto, or in conflict therewith. Here the party interested offered all of the testimony which, in the nature of things, could be produced at the time, and because his canal was not completed,

further action was deferred by the court until the conditions existed which justified a re-application to the court for perfecting its determination. The two years' statute of limitations does not apply for the reason, *inter alia,* that it may be invoked only to an attempt to review a final and absolute decree.

Not only is the relief sought not antagonistic to the former decree, but the holder of a priority, in part absolute, partly conditional, voluntarily gives up a portion of the latter, and asks to have an incomplete and interlocutory decree made absolute and final and for an amount of water much less than the conditional one gives him. To this course it is hard to see how, under the facts, appellees can possibly be injured.

We have decided that in these special proceedings the court is without authority to award to a ditch or canal, in advance of its completion, any definite quantity of water.—*Water Co. v. Tenney,* 24 Colo. 344, 352. But we have not decided that it is wrong for the court to fix the date of the priority of a canal begun, but not completed, at the time the decree is rendered. This was precisely what was done under the decrees we are considering, and we see no objection to it from a jurisdictional standpoint. It may be, and possibly is, the better practice to withhold entirely a decree, as to any element, until the ditch is finished and water actually and beneficially applied, and had any party to this proceeding whose ascertained rights are thereby affected objected to the conditional portion of this decree, the court might have postponed all action until the conditions specified existed. And it is also probably true that, had any such party seasonably objected, the water commissioner ought not to have allotted to petitioner's ditch any water until such time as the court awarded to it some fixed quantity. But no

such objections seem to have been made, and for many years water has been distributed to the petitioner and his grantors in accordance with the provisions of the decree, whenever the same was obtainable, and did not conflict with the rights of prior appropriators from the same stream.

In *Crippen v. X. Y. Irr. Ditch Co., supra,* it was held that one who appears in these statutory proceedings and files his verified statement of claim, but refuses to offer proof and obtains no decree, loses his rights unless he applies for a re-argument or review of the decree within two years. Such is not this case, as we have already shown.

If appellees' contention be good that it is now too late for any party to the former proceeding to take any step, either to perfect the decrees thereunder, or otherwise, and that such decrees are the measure of the rights of the parties, then they are in much worse position than they are under our holding. For, if they are right, petitioner would be required to show merely due diligence in the completion of his canal, in order to secure an absolute decree for a priority of 500 cubic feet ahead of theirs, whereas now he asks such priority for a much smaller quantity and only to the extent of his beneficial use.

Our conclusion upon this branch of the case is that the court was wrong in considering the present application an attempt to review or re-argue the former decree. Its object is to merge an indefinite interlocutory decree into a final and definite one, permission to do which is found in the decree itself. Neither the two years' nor the four years' statute of limitation is applicable. If petitioner has complied with, and fully performed, the conditions imposed by the decree of 1887, and by his evidence shows that he has made a valid appropriation under the laws of this state of a certain amount of water within the limits

originally claimed, he is entitled to have his decree perfected.

2.  The answer set up that there are water-right owners, other than the respondents brought in, who are interested in the pending proceedings adversely to petitioner, but their names are not given or their interests designated. This is not a good defense as it is pleaded, and the proof in its support is equally indefinite. It would seem that the court's opinion that there is a defect of necessary parties respondent is based upon the fact that, because of the nature of the soil irrigated by these ditches and the low state of water at certain seasons of the year, prior appropriators might be injuriously affected if the water commissioner allowed petitioner to use any water from the common source of supply.

While this fact, if it be a fact, might be important for the water commissioner when he comes to distribute water to the various ditches, it is not something the court can take into consideration in proceedings instituted for the purpose of determining their relative priorities. If so, the consumer who owns the first priority could successfully object to any later priorities being awarded at all, because, when there is a scarcity of water, his senior rights might be injuriously affected if any water whatever is used by a junior appropriator, even though at the time of such use the older right does not need it.

We think the district court was wrong in its conclusions, and that its judgment should be reversed and the petitioner be permitted to complete his proof and get an absolute and final decree determining his rights, if any, to a complete and perfected appropriation.

In the event that the judgment below should be set aside, we are requested by appellant to examine the evidence before us and instruct the district court

to enter a decree which we think the evidence justifies. We decline to enter upon this investigation. It is the peculiar duty and province of the trial court to pass upon this evidence in the first instance, and render a decree in accordance with its views of the same.

The judgment is reversed and the cause remanded for further proceedings in conformity with the views herein expressed.

*Reversed.*