[No. 8414.]

UNITED STATES V. PALISADE IRRIGATION DISTRICT ET AL.

WATER RIGHTS—*Adjudication of Priorities—Decree—Final or Interlocutory.*
A decree which prescribes the priority to which the claimant will be entitled ''provided the work of construction is diligently prosecuted, and water applied to the lands thereunder within a reasonable time,'' is interlocutory. Error thereto will not lie. (215-217.)

*Error to Mesa District Court.* Hon. CHARLES CAVENDER, Judge.

*Motion to quash sustained.*

Mr. ETHELBERT WARD, Mr. A. R. HONNOLD, for plaintiff in error.

Mr. STROUD M. LOGAN, Mr. SAMUEL G. McMULLIN, for defendants in error.

TELLER, J., delivered the opinion of the court.

The plaintiff in error was a party to a proceeding for the adjudication of water rights in water district No. 42 in Mesa County, claiming, as owner of the Grand Valley project, or Government High Line Canal, twelve hundred cubic feet of water per second from the Grand River.

The decree recites,

"that at the time the evidence was taken concerning ditches on the Grand River no construction work had been done on said canal, and the extent and character of the appropriation can not now be fixed.   *   *   *   That the priority of said canal is hereby fixed as No. 10 from the Grand River, provided that the work of construction is prosecuted diligently and water applied to the lands thereunder within a reasonable time."

Defendants in error now move to quash the writ of error, upon the ground that the decree, so far as it affected the claims of the plaintiff in error "is not a final order, judgment or decree."

Decrees similar to the one in question containing provisions for the future ascertainment and settlement of rights to water, have several times been before this court. We have there held that so much of the decree as related to future appropriation of water by application to a beneficial use is interlocutory.   In *Crawford Company v. Needle Rock Company,* 50 Colo. 176, 114 Pac. 665, it is said:

"We are of the opinion that the decree of 1889 has both absolute and interlocutory features:   Absolute as to that portion decreeing that there shall be permitted to flow into

the respective ditches the amount of water that had at that date been applied to a beneficial use: Interlocutory as to the remainder of the carrying capacity of such ditches.  *  *  *  At the time of the entry of the decree the court established in each ditch an absolute right to the full amount of water per second of time that had been applied to a beneficial use, and gave such appropriation a number, and, to that extent, it was absolute.  It tentatively recognized an inchoate right to additional water, which inchoate right, if of any validity, might become an absolute right, under the doctrine of relation, if the water was applied to a beneficial use with due diligence.  As the absolute right established could lawfully be based only upon the application of the water to a beneficial use, the right decreed must be measured thereby.  This was the extent of the court's authority in the premises, and the decree being susceptible of that construction, such must be the meaning ascribed to it."

To the same effect are the cases of *Drach v. Isola,* 48 Colo. 134, 109 Pac. 748, and *Conley v. Dyer,* 43 Colo. 22, 95 Pac. 304.

It is evident that no part of this decree affecting any right of plaintiff in error is final.  The decree simply provides that, if plaintiff in error prosecutes with diligence the work of constructing its canal, and applies water to the irrigation of lands thereunder within a reasonable time, it will be entitled to priority number ten from Grand River.  It does not give or recognize any existing right, but merely prescribes the conditions under which the right may be secured.  To treat the decree as possibly affecting adversely the rights of plaintiff in error is to assume that it will comply with all the conditions imposed, and secure water rights which would be of greater value, or extent, but for error in the decree.  Courts do not sit to consider questions which are presented only by assuming the existence of that which may never exist.

That part of the decree by which plaintiff in error is

affected being interlocutory, the motion to quash the writ of error is sustained, and the writ is quashed.

*Writ of error quashed.*

GABBERT, C. J., and HILL, J., concurring.