No. 10,878.

MULTA TRINA DITCH CO. *v.* STOBAUGH, ET AL.

Decided January 5, 1925.   Rehearing denied February 2, 1925.

Proceeding in district court to review a former adjudication decree of the same court.   Decree for petitioner.

## *Reversed.*

1.  WATER RIGHTS—*Adjudication—Review.*  Under section 1789, C. L. '21, providing for re-argument or review of an irrigation adjudication decree, unless objections and exceptions are properly taken by a party to a decree, he is not entitled to be heard on a petition to modify it, although he files his petition therefor within the period of limitation.

2.  *Uncompleted Project—Decree.*  Although an adjudication decree on its face purports to be a final decree, it cannot be held to be such if the record shows that the project at the time was not completed, the court having no jurisdiction to enter a final decree.

3.  *Adjudication Decree—Effect.*  A party may not avail himself of one portion of an adjudication decree which is in his favor and repudiate other parts thereof which are unfavorable.

4.  *Decrees—Modification—Fraud.*  While a decree may be impeached for fraud, in an equitable action brought for that purpose, it cannot be re-argued or reviewed on that ground under section 1789, C. L. '21, where no objection was made or exception reserved to the entry of the decree, the fraud being known to the complaining party before the decree was pronounced.

*Error to the District Court of Garfield County, Hon. John T. Shumate, Judge.*

Mr. J. W. DOLLISON, Mr. C. W. FULGHUM, for plaintiff in error.

Mr. C. W. TAYLOR, Mr. FRANK DELANEY, for defendants in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THIS is a writ of error to a decree of the district court rendered on a petition for a review of a former decree of the same court, in supplemental statutory proceedings for the adjudication of priorities of water rights. The original or general adjudication decree in that district, rendered in 1888, is not involved. The two principal errors assigned are: (1) The petition for the review is insufficient. (2) The findings and decree are not sustained by, but are against, the evidence.

If the first assignment is good, as we think it is, the second may be and is disregarded. The record is voluminous. Both parties have filed lengthy printed abstracts of the record. We have gone beyond them to the transcript to assist us in reaching a conclusion as to the material facts upon which our decision rests.

The first of the three decrees which are here involved, was entered in November, 1913. It awarded to the Smart ditch, in which defendants in error as minority stockholders are interested, 360 minute feet of water, though the work of construction was not then completed. It awarded no priority to the Multa Trina ditch of the plaintiff in error because its ditch was not then finished.

The second decree was made in November, 1920, upon two petitions: one of the plaintiff in error; the other by the Smart Ditch Company, which were consolidated for hearing. The two separate appropriations, one by each claimant company, were separately made, but the diversion from the natural stream was through the same ditch, or conduit, either as it originally was dug, or as enlarged. This decree was procured apparently as the result of the joint efforts of the officers of each ditch company in accordance with some agreement which required each claim-ant company to get for both ditches or separate appropriations as favorable priorities as the facts warranted. In the separate petition of the Multa Trina Ditch Company an earlier date of priority was claimed than that asserted in

the separate petition of the Smart Ditch Company, and the only controversy between them upon the 1920 hearing seems to have been as to the date of the respective priorities. The decree gave to the Smart ditch, then completed, 180 minute feet in addition to the 360 minute feet awarded in the first decree of 1913, or a total of 540 cubic feet of water per minute of time. It gave also to the Multa Trina ditch a designated priority, and each of the priorities was fixed as of date October 20, 1904. At the time both ditches were completed and the decree was final.

The third decree, which is now before us for consideration, was rendered in February, 1923, and amended in June, 1923, under a petition filed by the defendants in error for a review and modification of the second decree of 1920. It did not change or modify the 1920 award made to the Smart ditch, and such was not the object of the review, but it materially affected the 1920 awarded priority of the Multa Trina ditch by reducing its volume and fixing the date of priority about two years later than in the 1920 decree.

Plaintiff in error contends that this petition for review, though filed within the two years limitation of section 1789, C. L. 1921, failed to state any cause of action or any reason for the review. It says that the petition, as well as the evidence in its support, discloses that no objection was made or exception taken by these defendants in error to the 1920 decree when it was rendered. The parties concede that under our previous rulings unless objection and exception are properly taken by a party to a decree he is not entitled to be heard on a petition to change or modify it, although he files his petition therefor within the period of the limitation. In *Crippen-Lawrence Inv. Co. v. Burroughs,* 27 Colo. 155, 60 Pac. 487, it was held that section 1789 contemplates that a petition therefor must show good cause for a re-argument or review and must state facts, not mere conclusions, from which it appears that the petitioner has been aggrieved by the decree. In *Rio Grande L. & C. Co. v. Prairie D. Co.,* 27 Colo. 225, 60 Pac. 726, the

court again announced the same doctrine and said that for causes which existed at the time the decree was rendered, a party to the proceeding, who was given an opportunity at the time of its rendition to present his objections thereto, if any he has, but fails to do so, is not entitled to a review of the decree under this section, although the statute gives him two years within which to file his petition to reopen the same. The doctrine of these cases is quite familiar in reviews of judgments or decrees in ordinary civil actions.

This record shows that the defendants in error, who by their petition are seeking materially to change and modify the former decree of 1920, were parties to the proceeding which culminated in that decree. The statute requires, and the practice in such cases is, that the court cause the parties interested to be given an opportunity to object to the decree, and we must presume that this statute was complied with and these defendants in error were notified. The record does show that they were present at the time of the rendition of the decree. They then had an opportunity to object to it but did not do so. As we have heretofore said, it would be a useless requirement if a party, after such notice and opportunity, can entirely ignore them and then two years later exercise the right to have a decree modified when the correction, if proper, could and should have been made before it was entered, if the attention of the court had been called to it. The folio of the record which the defendants in error cite as showing that an objection was made to the decree of 1920, does not bear out their claim. When, on the final hearing of this petition for a review, one of the counsel suggested that the proper course of procedure was to begin the evidence anew and to disregard the evidence taken upon the former hearing, the court answered that such was not the practice, and the trial judge, having presided also at the previous hearing, said that he would try to remember the former evidence and the parties might produce such additional evidence as they had to offer. It was then agreed by counsel, with approval of the court, that a transcript of the evidence at

the former hearing, which counsel for the defendants in error here said they had procured from the court reporter, might be introduced subject to such objections as he had to the introduction of testimony, the same as if the witnesses themselves were present. At the close of the transcript of this evidence, which never became a part of the record in the 1920 proceedings, there appears a statement of the trial court in the nature of a comment upon the evidence and possibly of findings that he intended to make, and indications of the decree which he instructed counsel thereafter to prepare. And at the conclusion of his remarks follow the words "both parties except". This exception, if made, was not intended by either party to be an exception to the decree which was not filed until sometime later. It sufficiently appears that the objection that both parties supposed they were making was, not to the final decree but, to a statement by the court in response to a question of one of the counsel that the decree should show that there was no double adjudication of a certain feeder ditch. The court said that the parties themselves could regulate the method of distribution, the same ditch being used by both, as had been the case in the decree of November, 1913. A reading of the entire transcript of the 1920 proceeding shows that there was then no serious, or any, controversy between the owners of the Smart ditch and the Multa Trina ditch, except as to the date of the respective priorities and both ditch company claimants acquiesced in the finding and decree fixing both priorities as of the same day. And when the court made the statement in the course of his remarks that the date of each priority was the same, no objection or exception was taken. Indeed, there was no occasion for the defendants in error to except to that decree because they got by it all that they are entitled to and all that they claimed, and it is manifest that at that time there was no intention to have it reviewed, both parties acquiescing in the findings and decision of the court. This conclusion is fortified and strengthened by the fact, as the record discloses, that in

1912, before the decree of 1913 was rendered, these two ditch companies entered into a written agreement, which was ratified by the individual stockholders and expressly approved by these defendants in error, whereby they were to join their efforts in procuring the largest and best decree or decrees for their respective priorities that the facts allowed, except only as to the question of the date of the respective priorities. This agreement was known to the court at the time of the rendition of the 1913 decree and the parties seem to have acted in accordance with it until after the 1920 decree was rendered, when, for reasons doubtless satisfactory to themselves, these defendants in error ignored it and brought their petition for a review of the 1920 decree with which at the time apparently they were satisfied; at least, to which they offered no objection.

The conclusion upon this branch of the case is not based upon this agreement but upon the conduct of all the parties, including defendants in error, at the 1920 hearing. That, and their method adopted in presenting their evidence, convince us that they did proceed substantially as the written agreement required. We have excluded it, however, in arriving at our conclusion because there may be some uncertainty whether it is preserved by the record. If the agreement was an exhibit to some pleading, it is properly before us; if it was merely introduced as a part of the evidence, it should be incorporated in the bill of exceptions. As it appears in the record proper, without an indication as to the way it was brought to the attention of the trial court, we have resolved the doubt, if any, in favor of defendants in error, though we might assume that its presence in the record is because it was a part of some pleading.

We have also assumed, without deciding, that the defendants in error, minority stockholders of the Smart Ditch Company, have a standing in court to question the decree to the Smart ditch, with which, it seems that company itself, controlled by the majority stockholders, is satisfied. The decree awarding the priorities is to the ditch, and it

should not and does not, purport to determine who are entitled to the use of the allotted waters. It is doubtful, for reasons not necessary to state, if the petition for review entitled its minority stockholders to supersede the board of directors or trustees of the ditch company. Yet, if it did, none of those interested in the priorities are in a position, in these proceedings, to question the validity, in any particular, of the 1920 decree.

We conclude, therefore, that these defendants in error, who were given the opportunity of which they took advantage by being present in court at the time of the rendition of the 1920 decree but had no objection at that time to it, are not entitled to a review or modification of that decree in the pending proceeding. That right of review was lost. The petition for the review failed to state a cause of action or any reason for a review. The court should have dismissed the petition at the demand of the plaintiff in error.

There is another contention of defendants in error which we consider. They say that the decree of 1920, which they themselves in part secured, was unauthorized, if not void, because the matters therein determined had become res adjudicata by the decree of 1913, which had not been reviewed or set aside within the statutory period of limitation, or changed or modified by an equitable suit within the period of four years after its rendition.

We first observe that this objection, if good at all, was one that should have been made by defendants in error, and probably was included in their protest filed in the 1920 proceeding. If this objection was therein included, it must have been, and was, passed upon by the court adversely to their present contention and may not now be re-litigated for reasons already given. Another answer is that the 1913 decree, though on its face it purports to be a final decree, can not be held to be such for the record shows that the ditch at the time was not then completed and the court did not have jurisdiction in the 1913 proceeding to make a final decree or award to the Smart Ditch Company. *Waterman v. Hughes*, 33 Colo. 270, 80 Pac. 891. The most

that can be said in this connection is that the 1913 decree was a conditional, or temporary, decree. That the court at the time the 1920 decree was rendered considered the 1913 decree as merely conditional, and that the parties themselves coincided with the court, is apparent from the fact that in making the award to the Smart ditch the court included, not only the 360 minute feet which was the volume awarded in the November, 1913 decree, but added to the same the additional amount of 180 minute feet, making a total of 540 cubic feet of water per minute of time, and for each volume gave the same date of priority. It then concluded with the statement that such aggregate award, including that of the 1913 decree, is "granted and made absolute, unconditional and final." Nothing could be more convincing that the 1913 decree was not final than this declaration of the 1920 decree, to which these defendants in error did not at the time make any objection. In legal effect it said that the decree of 1913, theretofore conditional, was by the 1920 decree made absolute, unconditional and final. Defendants in error may not avail themselves of one portion of the 1920 decree which gives to them for their ditch the additional amount of 180 cubic feet, which the former conditional decree did not contain, and repudiate other portions thereof which may be unfavorable. That is just what they are attempting to do. They asked for and got in 1920, 180 cubic feet of water, which, combined with the 360 feet given to them by the 1913 decree, is included in one final decree with a priority as of October 20, 1904. They cannot now be heard to say that the 1913 decree was final and absolute since they treated it as conditional in 1920 and profited thereby.

It may be a matter of regret that the large expense of this litigation has been incurred. If the defendants in error have been aggrieved, failure to object to the 1920 decree at the time they were obliged to do so is responsible. This petition for review was wholly insufficient in law and in fact, and the trial court should have so ruled when the proper objection was made.

Counsel for defendants in error argue that a rule should prevail where a petition for review contains charges of fraudulent conduct in obtaining a decree which is sought to be reviewed, different from the rule that prevails when the ground for review is based upon insufficiency of the evidence. A decree may be impeached for fraud, and defendants in error might have brought a suit in equity upon that ground to set aside the 1920 decree. They chose, however, to proceed under the statute by a petition for a review and whatever their grounds or reasons therefor, they are bound by the limitations of the statute. Fraud as ground for review, as well as insufficiency, come within the ban of the limitation. The alleged fraudulent conduct, though not properly alleged by a statement of the facts but largely by way of conclusion, if it ever existed, was known before the 1920 decree was pronounced. Indeed, it is charged that the frauds were committed in connection with that hearing. These frauds, if ground for setting aside the decree, existed before and at the time of its rendition, and a neglect seasonably to object upon that ground is just as much and as effectual a bar to the right of review as if the ground of objection was insufficiency of the evidence.

The defendants in error had no right to a review. It was lost to them by their own neglect.

The judgment below, therefore, is hereby reversed and the cause remanded, with instructions to the trial court to dismiss the petition.

MR. JUSTICE ALLEN, sitting for MR. CHIEF JUSTICE TELLER, and MR. JUSTICE SHEAFOR concur.