No. 13,934.

Martinez et al. *v.* San Luis Power and Water Company et al.

(58 P. [2d] 1220)

Decided June 15, 1936.

Mr. Elias H. Ellithorp, for plaintiffs in error.

No appearance for defendants in error.

*In Department.*

MR. JUSTICE BURKE, sitting for MR. CHIEF JUSTICE CAMPBELL, delivered the opinion of the court.

THIS writ is directed to a judgment refusing a reargument and review of findings and decree in a water adjudication and is before us on an application to make the writ a supersedeas. Defendants in error have not appeared here and the record is short. We have no guide in fixing bond, should the supersedeas be allowed, and no assurance of further light from further argument. We therefore accept the case as it stands and elect to finally dispose of it now.

The adjudication appears to have been initiated in the usual way and to have taken the usual course up to the time of the court's hearing on the report of the referee. Notice thereof, if served at all, was served on an attorney who no longer represented plaintiffs in error, and never reached them. They knew nothing of the hearing and were not present thereat. In this we fail to find that they were in any way at fault. They first learned, some months later and from the clerk of the court, that hearing had been had, the report of the referee approved, and decree, prejudicial to their claim, entered. They then promptly employed their present counsel who immediately petitioned for a reargument and review. An order was first entered granting that petition and fixing a date for the hearing. This was continued for some thirty days. When it came on defendants in error Medina objected orally to reopening the matter because "no objections were made to the findings of the court or to the referee's report and the decree of the court and that no exceptions were taken thereto." This objection was sustained by the court, with some misgivings as to its correctness, as the record discloses, but on the assumption that a contrary ruling would "go counter to the decisions" of this court. We are apprised by the brief of counsel for plaintiffs in .

error that the decisions referred to are: *Multa Trina Ditch Co. v. Stobaugh*, 76 Colo. 451, 231 Pac. 48; *Rio Grande L. & C. Co. v. Prairie Ditch Co.*, 27 Colo. 225, 60 Pac. 726. In the first of these the parties were present at the time the decree was entered and failed to object. In the second they were duly notified to appear and make known their objections, if any they had, and failed to do so. The opinion in the Rio Grande case, cited in the Multa Trina case, limits the bar to a party who "knowingly and intentionally neglects to apprise a court of his objection to a decree \* \* \* when he has full opportunity to do so." Plaintiffs in error here are not shown to have had any opportunity to object hence cannot be said to have neglected either knowingly or intentionally.

██ The statute in question is section 1789, p. 617, C. L. 1921. It authorizes the trial court "for good cause shown" to grant " a reargument or review, with or without additional evidence," of such decrees, provided petition therefor is filed within two years. Much discretion with relation thereto is vested in the trial court, which, unless exceeded or abused, is not reviewable. The difficulty here is that no such discretion was exercised for the reason that the judge concluded he had none. In this we think he was in error.

The judgment is reversed and the cause remanded with directions to hear and consider the petition.

MR. JUSTICE YOUNG and MR. JUSTICE HOLLAND concur.