## No. 23112.

### Pete Dodo *v.* Louis Fenno.
(472 P.2d 146)

Decided July 20, 1970.

FRANK DELANEY, for plaintiff in error.

RAPHAEL J. MOSES, GEORGE VRANESH, EUGENE D. LORIG, for defendant in error.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

IN a general water adjudication in the district court of Eagle County in 1894, the First Enlargement of the Dora B Ditch was awarded a conditional decree for two cubic feet of water per second of time with a priority date of November 1, 1892. Plaintiff in error Dodo, the claimant, succeeded to the ownership of a portion of the rights under this decree. On June 6, 1966, which was the first day of the first term of that district court in 1966, the claimant filed his "Motion for Leave to Submit Testimony." On the same day, without notice to anyone, the claimant introduced testimony under such motion in order to obtain a decree making a portion of such conditional decree absolute.

The claimant, in 1946 or 1947, apparently acquired the lands irrigated by the water involved. At least, he testified at the June 6th hearing that he had been familiar with the ditch and its usage since that time. His testimony was ambiguous as to whether, at the time he first saw the ditch in 1946 or 1947, it would carry the one second foot. He stated that he enlarged the ditch in 1947. Also at the June 6th hearing, the water commissioner testified that he had been familiar with the ditch since 1948; that it was an old ditch in 1948; and that in that year and subsequently he turned two second feet of water into the ditch under the priority represented by the conditional decree. A surveyor testified that shortly before the June 6th hearing the ditch had a carrying capacity of 5.2 second feet.

After June 6, 1966, the defendant in error, Fenno, the

respondent, learned of the proceedings taken by the claimant and engaged legal counsel. Apparently unaware that an absolute decree had been entered in favor of claimant on July 1, 1966, the attorneys for the respondent filed a petition on July 6, 1966, which prayed that the court "re-open the adjudication and permit cross-examination and presentation of evidence." This petition alleged that the respondent had the right to divert water from the same creek which serves the Dora B Ditch and that the rights claimed by the claimant would adversely affect the respondent's rights.

The decree which was filed on July 1, 1966, made the conditional decree absolute to the extent of one second foot of water. On July 29, 1966, the respondent filed a petition to vacate the decree of July 1, 1966, and to reopen the proceeding. This petition contained substantially the same allegations as the first petition, including statements that the rights of the respondent were adversely affected by the decree and that the claimant had not shown due diligence; it concluded with a request that respondent be permitted to cross-examine and present further evidence.

At a hearing held on March 24, 1967, respondent's second petition was considered by a judge other than the one who had entered the decree on July 1, 1966. The court then found that the ends of justice would be promoted by opening the decree for the purpose of permitting cross-examination of the claimant and presentation of further evidence concerning the Dora B Ditch. The court ordered the decree of July 1, 1966 vacated "and the adjudication reopened for further proof." The record does not contain the presentations made to the court by counsel at that time. It is apparent, however, that counsel for the claimant took the same position then as he takes here, *viz.*, that the absolute decree was obtained properly and the court erred in reopening the matter. The court order of March 24, 1967, also contained the following:

"IT IS FURTHER ORDERED that counsel for claimant

Pete Dodo is granted ten days and until April 3, 1966 in which to inform the Court whether or not he elects to stand on the record. If counsel for claimant elects not to stand on the record he shall have an additional twenty days, or until April 23, 1967 during which time he may file such additional pleadings as he may deem advisable."

On April 3, 1967, counsel for claimant filed his "election to stand on the record as made." This document contained the following statement:

"This election is made in order that the necessity of a new trial may be avoided and the case as now made may be reviewed by the Supreme Court; also that the supplemental decree entered on the 1st day of July, 1966, be finally reinstated and held to be in full force and effect."

Acting under the Election of the claimant, the court entered an order finding that the claim of the claimant "should be dismissed for failure to present further evidence in the matter," and ordered that proceedings commenced by the claimant to make the decree absolute "be and the same are hereby dismissed." At the hearing on March 24, 1967, the court made quite clear its position that it was not making any findings or conclusions beyond its determination that the ends of justice would be promoted by the opening of the decree and that the decree could be reopened under the "two-year statute," C.R.S. 1963, 148-9-16.

Some of the matters presented here by the claimant were not considered by the trial court and, therefore, will not be considered here. For the same reason we will not attempt to make any ruling with respect to other questions which have arisen in our minds. We confine ourselves to the determination that the court was correct in opening the decree for the purposes of cross-examination and further testimony and that it erred in dismissing the proceedings of claimant to make the decree absolute.

Apparently, the respondent does not seek to uphold the trial court's dismissal of the claimant's petition. His

position appears to be embraced within the following statement of his counsel:

"If Fenno is denied the right to enter and present evidence, he will be deprived of a valuable property right all without due process. Therefore, Fenno respectfully requests that the order to vacate and re-open the decree entered by Judge Lorenz be upheld by this Court."

The proceedings which culminated in the 1894 decree were held pursuant to the irrigation law of 1881. '35 C.S.A., c. 90, § 187. This law contains a "two-year statute," but has no provision for a conditional decree. Conditional decrees were first authorized by statute in 1919. C.R.S. 1963, 148-10-1 *et seq.* Prior to this enactment, conditional decrees were granted and made absolute without benefit of statute. *Trowell Co. v. Bijou District,* 65 Colo. 202, 176 P. 292; and *United States v. Palisade District,* 60 Colo. 214, 152 P. 145, and cases cited therein. The 1919 act permitted holders of conditional decrees in a general adjudication to appear the first day of the first term in any even numbered year, *without notice* to others, and make a showing of diligence in the absence of an application to a beneficial use or to put in proof resulting in an absolute decree.

The 1919 act provided that its provisions would apply to conditional decrees obtained within two years preceding its enactment. Nevertheless, the claimant argues that, under the doctrine of construction of different enactments *in pari materia,* the 1919 act applies to older conditional decrees, including the one here involved. So far at least, the respondent has not contested the proposition, and appears to agree with it. Therefore, we avoid any question that might be raised in this connection.

The "two-year statute" stated:

"(1) (a) Within two years after the date of the rendition of any adjudication decree in any water district, the owner or claimant of any water right in such water district, where the priority claimed antedates the latest priority fixed by said decree, may apply in writing to

the court to have said decree reopened as to such water right only,

\* \* \*

"(2) If the court, for good cause shown, shall decide that the ends of justice will be promoted by the opening of said decree for the purpose of permitting the adjudication of such water right, the court shall so order. . . ."

C.R.S. 1963, 148-9-16.

Claimant has argued that *Waterman v. Hughes,* 33 Colo. 270, 80 P. 891, stands for the proposition that the "two-year statute" does not apply to a decree making a conditional right absolute. On the contrary, in *Waterman* it was argued that the proceedings to make the conditional right absolute was in reality an attempt to reopen the decree; and therefore, the "two-year statute" barred the proceedings. The opinion rejected the argument. By its plain language the "two-year statute" applies to a decree making a conditional priority absolute. See *Martinez v. San Luis Co.,* 99 Colo. 35, 58 P.2d 1220.

█ Claimant also argues that the respondent's second petition did not state facts with sufficient definiteness to justify reopening the matter, citing *Crippen-Lawrence Investment Co. v. Burroughs,* 27 Colo. 155, 60 P. 487 and *Rio Grande Co. v. Prairie Ditch Co.,* 27 Colo. 225, 60 P. 726. These cases are probably distinguishable. In any event, they were decided in 1900 under the strict confines of code pleading and demurrer practice, and they represent a philosophy of pleading which — praise be — was interred in 1941 with the adoption of the Rules of Civil Procedure. The claimant was adequately apprised of respondent's position in this matter. If he desired further details, he could have proceeded — and still can proceed — to ascertain them.

Claimant further contends that respondent has not pleaded enough facts to demonstrate standing. The respondent pleaded that he had rights from the same creek and such rights were adversely affected. Here again,

300

particulars can be developed but their absence in the petition is not fatal.

The claimant insists upon a harsh and unfair rule that, after 72 years, he can come into court, without notice, have a decree made absolute, and then successfully resist any attempt to examine the merits of the matter. After the court announced that this was not the way the game was to be played, the claimant concluded to pick up his marbles and refuse to participate further at that level. In effect, claimant successfully maneuvered the trial court and this court into obtaining an interlocutory appellate determination. We rule that the trial court should not have dismissed the claimant's petition upon his election "to stand on the record." Rather, it should have proceeded to a new or further hearing.

The trial court did not determine whether further proceedings should be *ab initio* or merely a continuation of those concluded on June 6, 1966. Until it does, we are not going to address ourselves to the question. Similarly, it did not rule whether claimant had established *prima facie* that he was entitled to an absolute decree; and neither do we. Both sides have argued several questions involving diligence. Initial disposition of these matters is to be made by the trial court.

The judgment vacating the decree for the purposes announced is affirmed. The judgment is reversed insofar as it dismisses the claimant's petition and the cause is remanded for further proceedings — not, as is usually stated: consistent with the views herein expressed, but rather — as the district court may determine; subject, of course, to further review.