No. 10,844.

CLAY SPRING CATTLE CO. *v.* BASSETT.

Decided February 2, 1925.

Supplemental proceeding for the adjudication of water priorities.   Decree for defendant in error.

*Affirmed.*

1.   WATER RIGHTS—*Adjudication—Junior Appropriator.*   A junior appropriator is entitled to his priority if the necessary showing of facts constituting an appropriation has been made, notwithstanding the usual natural flow of the stream has been appropriated.

2.  APPEAL AND ERROR—*Fact Findings.*  The appellate court will not
    interfere with findings of fact by the trial court if there is legal
    and sufficient evidence to sustain them.

3.  WATER RIGHTS—*Adjudication—Purpose of the Proceeding.*  The
    only object of a statutory adjudication proceeding is to ascertain,
    and by appropriate decree declare, the relative priorities of right
    to the use of water in an irrigation district having the same
    source of supply.

4.       *Adjudication—Damages.*  To convert an adjudication proceed-
    ing into an action for damages, or one for injunctive relief for
    some past or anticipated trespass, cannot be permitted.

5.       *Adjudication—Objections.*  A consumer who owns a first or
    senior priority, may not object to any later priority being
    awarded, because when there is a scarcity his senior rights
    might be injuriously affected if any water whatever is used by
    the junior appropriator.

*Error to the District Court of Moffat County, Hon. Gilbert
A. Walker, Judge.*

Messrs. ALLEN, WEBSTER & DRATH, for plaintiff in error.

Mr. JOHN T. BOTTOM, for defendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the
court.

To the ditch of the grantor of plaintiff in error, plaintiff
below, in the first or original proceeding under the perti-
nent irrigation statute that was instituted in that water
district, there was decreed its relative priority of right.
In a later supplemental proceeding under the same stat-
ute and in the same court, initiated more than four years
after the original decree was rendered, there was decreed
to the three separate ditches or branches of a ditch of
the defendant in error, defendant below, taking water
from the same source of supply, a priority of right which
was by the terms of the decree expressly made subject
and inferior to all previously adjudicated priorities of the
district.  Thereby, of course, the plaintiff's priority was

senior to that of the defendant. At the hearing in the supplemental proceeding it is not clear that the plaintiff company was made a party by name, or that it entered its appearance, and the record does not disclose that it was seeking to add to or enlarge its earlier priority, and it likewise appears as already stated that the defendant's priority by the later decree was expressly made inferior to that of the plaintiff. Nevertheless, counsel for plaintiff was present at the hearing, cross-examined defendant's witnesses and introduced evidence for plaintiff and filed a protest and objection to any decree being awarded to the defendant. There seems to be some confusion, or, at least, some difference of opinion between counsel, as to just what was the first finding by the court in the supplemental proceeding. At all events, plaintiff asked for a reargument or review, which was denied, and the court made findings for defendant and thereon a final decree was rendered establishing defendant's priority expressly making the same subject to the superior earlier decreed right of the plaintiff. The plaintiff has sued out this writ of error to review that decree.

It is a somewhat anomalous proceeding. As plaintiff's contended superior right was not affected by the decree which made the right of the defendant inferior, it is difficult to see what standing plaintiff has here with its writ. It is common knowledge in the so-called arid states like Colorado that the waters of a natural stream are often over-appropriated, but it has not yet been determined, so far as we are advised, that a junior appropriator may not have his junior priority established after the usual natural flow of the stream has been appropriated. It is only in times of scarcity of water that the question of relative priorities becomes important. The junior appropriator is entitled to his priority if the necessary showing of facts constituting an appropriation has been made, although he may not, when prior appropriators need the water, make a diversion. Nevertheless, there are always times when prior appropriators do not need the water and then the

junior is entitled to make a diversion to his own beneficial use.

We cannot interfere with the findings of fact made by the trial court that the defendant has made the appropriations which he claimed, for there is legal and sufficient evidence to sustain them. The plaintiff, however, strenuously contends in an ingenious but sophistical argument that, notwithstanding the general rule is that a senior appropriator protesting has no further interest when the awarded priority of appropriation against which he protests is made junior to his own, still the award of the decree here to the defendant puts the seal of the court's approval on his acts in depriving the senior appropriator of its decreed water regardless of their relatively established rights. This seems to be based in part upon the fact that during a period of about fourteen years the defendant has at two different times, when plaintiff needed water, wrongfully encroached upon the plaintiff's rights and made diversion through his ditches of water for his own use; and partly on the alleged fact that his contrivances for diverting and carrying, and his carrying system generally and his methods are such as necessarily to interfere with plaintiff's superior rights. The argument further proceeds upon the assumption that the defendant hereafter will be guilty of similar offenses and, therefore, as it is said, the defendant's rights having thus been initiated as the result of a trespass, it is inequitable to grant to him a priority which will enable him hereafter to commit similar wrongs. We confess that we do not appreciate the force of the argument. If the defendant has heretofore been guilty of a trespass and has infringed upon plaintiff's rights, the plaintiff has its appropriate remedy for damages, or, if the facts justify, may get appropriate equitable relief. If defendant hereafter trespasses a like remedy is open to plaintiff. It cannot have any such relief in this special statutory proceeding. The ultimate, and, indeed, the only, object thereof is to ascertain, and by appropriate decree, declare, the relative priorities of right

to the use of water in an irrigation district having the same source of supply. To convert the proceeding into an action for damages or one for injunctive relief for some past or anticipated trespass cannot be permitted. In the first place, the facts of the record do not sustain the plaintiff's contention that the defendant's rights were initiated by or based upon his trespass upon the senior rights of the plaintiff. In the second place we say that the plaintiff, as a senior appropriator, by its decree is afforded ample protection as against the defendant's junior decree, yet it is seeking to interpose in this special proceeding a defense or protest against the award of any decree at all to the defendant upon the ground that the latter may and probably will so exercise his junior right or priority as to inflict damage upon the plaintiff. A similar contention was made in *Waterman v. Hughes,* 33 Colo. 270, 279, 80 Pac. 891. The court there held that a consumer who owns a first or senior priority may not object to any later priorities being awarded at all, because when there is a scarcity his senior rights might be injuriously affected if any water whatever is used by a junior appropriator. The same principle is applicable here. The plaintiff is mistaken in his remedy, if any he has. We think the defendant has aptly characterized the attempt as a shrewd effort by the plaintiff, in this special proceeding, without any pleading, either answer, cross-complaint or petition, or any verified protest or otherwise stating any ground whatever, either as a meritorious defense, or as a matter for affirmative relief, to prohibit the defendant from using any residuum or surplus water after the prior appropriation of the plaintiff has been satisfied. Even if the plaintiff should be deprived of its priority right, it would not be entitled to any of the water of the stream in excess of its own senior appropriation. Often in the course of the irrigating season there is barely sufficient water flowing in a natural stream to supply a senior appropriator, and at other times there is an abundance of water to supply all the appropriators. Plaintiff's rights are already suffi-

ciently guarded against the junior rights of the defendant. In times of scarcity the decree arms it with all the authority and power necessary to protect its prior rights. The supplemental decree, which conferred junior rights upon the defendant, cannot be interfered with in this proceeding.

Decree affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE SHEAFOR concur.