Mr. Justice Day
delivered the opinion of the Court.
The parties appear here in the same order as in the trial court, and we will refer to plaintiffs in error as petitioners and defendant in error Orchard City Irrigation District as the district.
The district owns and operates Fruit Growers Reservoir, situated almost midway between the lower reaches of Surface Creek and Dry Creek in Delta County. The two streams are parallel and adjacent tributaries to the Gunnison River.
In 1907 Fruit Growers Reservoir was awarded a decree for 3400 acre feet of storage water from Surface Creek. The decree determined the capacity of the reservoir to be 3400 acre feet. This decree has never been modified, changed, or abandoned. However, the water supply from Surface Creek was not sufficient through the years to fill the reservoir; therefore, in 1925 the district began construction of Transfer Ditch for direct irrigation, and also to provide water from Dry Creek to augment the storage water supply available to the reservoir from Surface Creek. Construction was finished in 1935.
In 1937 the district was awarded a decree permitting storage of 2870 acre feet from Dry Creek as an “auxil *73 iary” supply of water. The decree was based on the stated capacity of the Fruit Growers Reservoir of 3400 acre feet and not upon a proposed or completed enlargement of the reservoir.
Two weeks after the 1937 decree was entered, the dam washed out. It was rebuilt during the following two years and its storage capacity was increased to 4485 acre feet, but adjudication of a decree based upon the enlarged capacity of the reservoir was not sought until 1961.
The 1907 and 1937 decrees were the subject of prior litigation, culminating in our decision in Orchard City Irrigation District v. Whitten, 146 Colo. 127, 361 P.2d 130. We affirmed a 1955 ruling of the state engineer that although the total water decreed under the 1907 and 1937 decrees was 6270 acre feet, the right to store water in the reservoir was limited to one filling of 3400 acre feet, to be filled from both Surface Creek and Dry Creek, and not to exceed 2870 acre feet from Dry Creek. Our decision was limited to the State Engineer’s administration of the 1907 and 1937 decrees because there had been no district court adjudication or decreed rights to the 1085 acre feet of its first enlargement made after the dam washed out in 1937, nor any decreed right of refill.
Subsequently, in September of 1961, a statement of claim was filed by the district for the first enlargement of the Fruit Growers Reservoir, based upon the construction begun in 1937. In the statement of claim, the district expressly declared abandonment of its 1937 priority on Dry Creek.
On January 31, 1964, in a general adjudication proceeding which had extended over a period of approximately three years and in which over 200 claimants filed statements of cláim, the district court entered a decree abandoning the district’s 1937 priority on Dry Creek. The court awarded a new priority to the Fruit Growers Reservoir out of Dry Creek for 1085 acre feet *74 for storage and 538 acre feet for refilling with an appropriation date for both as of the commencement of the enlargement in 1937. The trial court also awarded two conditional decrees to the reservoir out of Dry-Creek.
On August 11, 1965 petitioners filed their petition to vacate that portion of the decree abandoning the district’s 1937 priority on Dry Creek and awarding new priorities on Dry Creek with appropriation dates of 1937. The central thrust of the petition is as follows:
“* * * By the simple expedient of ‘abandoning’ its 1937 decree out of Dry Creek, the reservoir can now demand this entire 3,400 acre feet out of Surface Creek under its 1907 decree, whereas heretofore about one-third (or in excess of 1,000 acre feet per year) of this 3,400 acre feet was supplied from Dry Creek. All of the petitioners hereinabove-named own water rights out of Surface Creek junior to the 1907 decree to the Fruit Growers Reservoir for 3,400 acre feet. Obviously, therefore, permitting the Fruit Growers Reservoir to purge itself of one of its major sources of supply, and instead to take all of its 3,400 acre foot decree out of Surface Creek, has materially and substantially prejudiced the rights to all junior appropriators out of Surface Creek, particularly including the above-named petitioners.”
The record shows that petitioners hold 1954 decrees out of Surface Creek totaling 1034.5 acre feet of water.
The petition to reopen the water adjudication decree was filed almost 18 months after the decree had been entered in 1964. The district filed a motion to dismiss on numerous grounds. The trial court granted the motion, holding that facts were not alleged to bring the petitioners within C.R.S. 1963, 148-9-16, which provides, in pertinent part, as follows:
“(1) (a) Within two years after the date of the rendition of any adjudication decree in any water district, the owner or claimant of any water right in such water district, where the priority claimed antedates the latest *75 priority fixed by said decree, may apply in writing to the court to have said decree reopened as to such water right only, provided:
“(b) No statement of claim for such water right was filed in the adjudication proceeding in which said decree was rendered; and
“(c) No notice of such adjudication proceeding was served personally or by registered mail on such owner or claimant or on his predecessor in interest.
“(2) If the court, for good cause shown, shall decide that the ends of justice will be promoted by the opening of said decree for the purpose of permitting the adjudication of such water right, the court shall so order. * *
Purpose of this statute is to permit any appropriator who has not filed a claim in the adjudication proceedings to have the proceedings reopened by the filing of his claim and the adjudication of rights thereunder. Petitioners herein do not claim unadjudicated rights and have not sought to file any claim in the water adjudication proceedings. Therefore, under the statute they have no standing to petition for reopening and for change of the adjudication decree.
The case at bar is the first to be brought to this court under C.R.S. 1963, 148-9-16, which was enacted in 1943. Petitioners rely on North Sterling Irrigation District v. Riverside Reservoir & Land Co., 119 Colo. 50, 200 P.2d 933, as authority for reopening the decree. However, that decision which held that the court had discretionary powers to reopen a water adjudication decree, was based upon the provisions of section 187, chapter 90, ’35 C.S.A., which were repealed by the 1943 laws.
As stated in the order entered by the trial court in ruling on the motion to dismiss:
“* * * Under the old statute the Court could ‘for good cause shown and upon terms just to all parties’ reopen the adjudication proceeding on petition filed within two years after entry of decree. The purpose of this provision in the old law leaving the finality of decisions as to water *76 rights in doubt for two years after decree was no doubt due to the difficulties in transportation and communication at the time this statute was enacted in 1881.”
The trial court properly dismissed the petition to reopen the general water adjudication.
We find no merit in the petitioners’ contention that the trial court lacked jurisdiction with respect to portions of its decree of January 31, 1964.
The judgment is affirmed.